**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-6428**

QUADRICK MONTRELL EVERETTE,

    Petitioner - Appellant,

        v.

JUSTIN ANDREWS,

    Respondent - Appellee.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:18-hc-02118-D)

Submitted:  November 17, 2020                    Decided:  November 19, 2020

Before MOTZ and KEENAN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Quadrick Montrell Everette, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Quadrick Montrell Everette, a federal prisoner, appeals the district court's orders denying relief on his 28 U.S.C. § 2241 petition, in which he sought to challenge his sentence by way of the savings clause in 28 U.S.C. § 2255, and denying his motion for reconsideration. Pursuant to § 2255(e), a prisoner may challenge his sentence in a traditional writ of habeas corpus pursuant to § 2241 if a § 2255 motion would be inadequate or ineffective to test the legality of his detention.

> [Section] 2255 is inadequate and ineffective to test the legality of a sentence when: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018).

On appeal, Everette argues that he was erroneously subjected to a 20-year mandatory minimum under the version of 21 U.S.C. § 841(b)(1)(A) that was in effect prior to the passage of the Fair Sentencing Act (FSA) of 2010, Pub. L. 111-220, 124 Stat. 2372, and maintains that the FSA's more lenient mandatory minimums should have applied. Everette's offense was completed before the August 3, 2010, effective date of the FSA, although he was sentenced after that date. In June 2012, the Supreme Court held in *Dorsey v. United States*, 567 U.S. 260, 273 (2012), that "Congress intended the [FSA]'s more lenient penalties to apply to those offenders whose crimes preceded August 3, 2010, but who are sentenced after that date." Because Everette filed his first § 2255 motion after

2

the issuance of *Dorsey*, we conclude that he cannot proceed under § 2241 as he fails to meet the second prong of *Wheeler*. Accordingly, although we grant leave to proceed in forma pauperis, we affirm the district court's orders for the reasons stated by the district court. *Everette v. Andrews*, No. 5:18-hc-02118-D (E.D.N.C. Oct. 29, 2019; Feb. 27, 2020). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*